EDWARD HONEYMAN *vs.* DANIEL F. KELLIHER, Adminis-
trator.

PROVIDENCE—JUNE 10, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The real estate of a deceased debtor is liable to be sold on the application of the
administrator, so long as it remains in the hands of the heir, even though such
application be made more than three years and six months after the grant of
administration.

It is the alienation of the land by the heir or devisee, after the three years and
six months, which terminates the charge thereon as against the rights of the
administrator.

The conveyance of the land previous to that time simply places the alienee on
the footing of the heir or devisee, and the land in his hands remains subject to
the same liability as though it had remained unaliened.

PROBATE APPEAL. Heard by the court on questions fully
stated in the opinion, jury trial being waived.

MATTESON, C. J. This is an appeal from a decree of the
Municipal Court of Providence authorizing the defendant, as
administrator on the estate, in Rhode Island, of Peter M.
Honeyman, late of Chilton, Wis., deceased, to sell a portion
of the real estate of the deceased for the payment of his
debts. Peter M. Honeyman died intestate December 18,
1893, leaving real estate in Rhode Island which descended
to his father, Francis Honeyman, as his only heir at law.
Administration on the estate of Peter, in Rhode Island, was
granted February 6, 1894. Three months and nineteen days
later, on May 25, 1894, Francis, by deed expressed to be in
consideration of natural love and affection, conveyed all his
interest in the estate of Peter to his son, Edward Honeyman,
the appellant. On May 21, 1896, Mary Gunn brought suit
against the defendant, as administrator of the estate of
Peter, and obtained judgment therein October 18, 1897.
Being without assets with which to satisfy this judgment,
the administrator, on November 4; 1897, applied to the mu-
nicipal court for leave to sell the real estate of the intestate,
which leave was granted December 21, 1897. From the de-
cree granting leave to sell, the present appeal was taken.

The question raised by the appeal is whether, notwithstanding the deed of Francis Honeyman to the appellant, the real estate in this State, of which Peter M. Honeyman died seized, was so far liable for his debts at the date of the application for leave to sell, made more than three years and six months after the grant of administration, that the administrator could be empowered to sell it to satisfy such debts, there being no personal estate out of which they could be satisfied.

It is contended on behalf of the appellant that the lien in favor of the administrator is divested at the end of three years and six months after the grant of administration, and hence, that the conveyance from Francis Honeyman to the appellant became effectual at the expiration of that period, so that the land was no longer subject to sale by the administrator for the debts of the intestate.

We do not understand that such has been the view which has been taken by the court. The statute charging the real estate of a decedent with the payment of his debts does not limit that charge to three years and six months, and hence it was held in *Mowry* v. *Robinson*, 12 R. I. 152, that so long as the estate remains in the hands of the heir it is liable to be sold on the application of the administrator, even though such application is not made until more than three years and six months have elapsed since the grant of administration. It is the alienation of the land by the heir or devisee, after three years and six months, which terminates the charge on the land as against the right of the administrator, and hence any conveyance of the land prior to that time simply places the alienee on the footing of the heir or devisee, and the land in his hands remains subject to the same liability to sell as though it had remained unaliened. *Johnson, Petitioner*, 15 R. I. 438 (440). Pub. Stat. R. I. cap. 189, §§ 1, 2, 13[1] which

---

[1] SEC. 1. The estate of every deceased person shall be chargeable with the expenses of administering the same, the funeral charges of the deceased and the payment of his just debts, and the same shall be paid by the executor or administrator of the estate out of the same so far as the same shall be sufficient therefor.

SEC. 2. The personal estate shall stand chargeable for such expenses, charges,

were in force at the death of the intestate, have been considered by the court in the cases above cited; and in *Hopkins* v. *Ladd*, 12 R. I. 279; *Dawley* v. *Probate Court of New Shoreham*, 16 R. I. 694; and see also *Jacocks* v. *Paterson*, 18 R. I. 751. The construction given to these provisions has been that above expressed.

The decree of the Municipal Court appealed from is affirmed.

*Thomas F. West and Andrew B. Patton*, for appellant.

*Thomas F. Murphy*, for administrator.

*Patrick J. McCarthy*, for creditor.

--------

and debts in the first instance, and the real estate for all the same which the personal estate shall be insufficient to satisfy, unless the deceased had otherwise directed by his last will and testament.

SEC. 13. No heir or devisee of any deceased person shall have power, within three years and six months after the probate of the will or grant of administration on the estate of such person, to encumber or aliene the real estate of the deceased so as to prevent or affect the sale thereof by the executor or administrator, if necessary, as prescribed by law: *Provided*, that after the expiration of three years and six months, the heir or devisee may aliene or encumber the same and the same shall not be liable for the debts of the deceased in the hands of the purchaser thereof or of any other person.